IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Sharan Sapp, | C/A No. 3:22-cv-2257-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Michael B. Wilfong; S.R. Blair; County of Lexington; Lexington County Sheriff's Department, | |
| Defendants. | |

*Pro se* plaintiff Alton Sharan Sapp ("Plaintiff") has brought two separate actions pursuant to 42 U.S.C. § 1983. The two cases are substantially similar—the main difference between them is that Plaintiff has not named the 11th Judicial Circuit Solicitor's Office and the State of South Carolina in the instant action, but all other Defendants are the same. In this action, United States Magistrate Judge Paige J. Gossett has issued a Report and Recommendation ("First Report"), in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending summary dismissal unless Plaintiff filed an amended complaint to correct various deficiencies in his pleadings.[1] [ECF No. 15.] In this action, Plaintiff filed objections to the Report on August 31, 2022. [ECF No. 17.] On September 22, 2022, the Magistrate Judge issued a second Report and Recommendation ("Second Report"), recommending summary dismissal because

---

[1] The Magistrate Judge filed this same Report and Recommendation in both cases; however, the reasoning she offered for recommending summary dismissal is different in some respects. [*See Sapp v. 11th Judicial Cir. Solicitor's Office*, 3:22-cv-2258-SAL, ECF No. 15.] In 3:22-2258, the Magistrate Judge recommended summary dismissal based upon various deficiencies in the pleadings but also because that case was duplicative of this one.

1

Plaintiff failed to cure the deficiencies in his pleadings by filing an amended complaint. [ECF No. 21.] The matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**DISCUSSION**

After a thorough review of Plaintiff's objections, the Report, and the record of this case, the Court finds that Plaintiff's objections are largely non-specific or unrelated to the dispositive portions of the Report. In the Report, the Magistrate Judge recommended summary dismissal because Plaintiff had failed to provide specific allegations as to each defendant and, further, failed to explain how each defendant was liable. [ECF No. 15 at 4.] Furthermore, as explained in the Report, neither the Lexington County Sheriff or the Lexington County Sheriff's Department is a person amenable to suit under § 1983. *Id.* As to Defendants Wilfong and Blair, who Plaintiff claimed are detectives with the Lexington County Sheriff's Office, the Magistrate Judge recommended summary dismissal because Plaintiff failed to provide any "facts about these defendants [to] show how they were personally involved in the purported deprivation of Plaintiff's rights." *Id.* at 6.

Plaintiff's objections are the same in this case and in his other case. For the most part, Plaintiff's objections consist of general disagreements with the Magistrate Judge's findings, but he fails to identify any specific error in the Report. For example, Plaintiff asserts the Report is "extremely Argumentative. . . ." [ECF No. 17 at 1.] Plaintiff identifies his "main concern" as a purported mischaracterization of "the evidence (the complaints themselves)." *Id.* at 2. However, Plaintiff fails to articulate how he believes the Report mischaracterizes his allegations or the complaint itself. Such non-specific objections do not "'enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap*, 2017 WL 6345402, at *5 n.6 (citation omitted). Plaintiff's general objections thus have the same effect as would a failure to object.

Plaintiff further asserts the purpose of his filings was to request a default or default judgment. [ECF No. 17 at 2.] Neither is appropriate in this case. As explained by the Magistrate Judge, due to various deficiencies in the pleadings, it has been recommended that this matter be summarily dismissed without issuance and service of process. [ECF No. 15.] The Defendants cannot be held in default because they have not been served with the pleadings in this matter. Plaintiff's objection is overruled.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that his other case, 3:22-2258, should be dismissed as duplicative. [ECF No. 17 at 2.] Although Plaintiff maintains the two cases are "completely different[,]" *id.*, he fails to adequately articulate how the claims themselves are different, particularly where it is unclear from the pleadings what allegations Plaintiff is making against the defendants. The court overrules this objection, as well, and has further addressed this issue in a separate order filed in *Sapp v. 11th Judicial Cir. Solicitor's Office*, 2:22-2258.

In the instant case, the Magistrate Judge issued a Second Report when Plaintiff did not file an amended complaint. [ECF No. 21.] The Second Report essentially reaffirms the findings and recommendations of the First Report since Plaintiff did not indicate he would be filing an amended complaint. *Id.* Plaintiff did not file objections to the Second Report. The court agrees with the reasoning of the Second Report.

After a review of the record, this Court finds that the First Report and the Second Report accurately summarize this case and the applicable law. For the reasons outlined above, the court overrules all of Plaintiff's objections.

**CONCLUSION**

For the reasons set forth above, the First Report [ECF No. 15] and the Second Report [ECF No. 21] are adopted in their entirety and incorporated herein. As a result, this case is summarily **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED**.


March 29, 2023                         /s/Sherri A. Lydon
Columbia, South Carolina       The Honorable Sherri A. Lydon
                                           United States District Court Judge